**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHENG MIN DONG,<br><br>           Petitioner,<br><br>  v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>           Respondent. | No.   14-71643<br><br>Agency No. A201-025-463<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 14, 2016
San Francisco, California

Before:  KOZINSKI, BYBEE, and N.R. SMITH, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Sheng Min Dong petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") decision denying his applications for asylum and withholding of removal.[1]  We deny the petition.

1.      Substantial evidence supports the adverse credibility finding against Dong. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).  Dong was confronted with several inconsistencies in his testimony and supporting documentation, such as whether he was beaten with an electric baton or a standard baton and how closely he was monitored by the police after his arrest.  His explanations for those inconsistencies were themselves inconsistent, leaving the IJ with a sense that Dong was being untruthful.[2]  These are precisely the kinds of determinations that merit deference to the trier of fact.  *Id.* at 1041 ("The deference that the REAL ID Act requires makes sense because IJs are in the best position to assess demeanor and other credibility cues that we cannot readily access on review."); *Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005) (noting that "an

---

[1] Dong did not exhaust his claim for relief under the Convention Against Torture ("CAT").  The BIA determined that Dong waived his CAT claim on appeal.  Dong does not challenge this determination.  We therefore review only Dong's claims for asylum and withholding of removal.

[2] Dong also argues that references to the type of baton used were not inconsistent but rather translation errors.  Substantial evidence supports the IJ's and BIA's rejection of this explanation because Dong's explanation changed during the proceedings.  Dong initially denied making the statement then, after he looked on the Internet, he asserted that the terms were used interchangeably.

IJ must be allowed to exercise common sense in rejecting a petitioner's testimony").

Dong faults the IJ and the BIA for failing to specifically mention Dong's hospital record and bail receipt in their decisions. Although "the REAL ID Act's 'totality of the circumstances' standard . . . imposes the requirement that an IJ not cherry pick solely facts favoring an adverse credibility determination while ignoring facts that undermine that result," *id.* at 1040, this is not to say that an IJ or the BIA must specifically "discuss each piece of evidence submitted." *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011). "When nothing in the record or the BIA's decision indicates a failure to consider all the evidence, a 'general statement that [the agency] considered all the evidence before [it]' may be sufficient." *Id.* (alterations in original) (citation omitted).

The IJ's decision includes a statement that it took "into account all of [Dong's supporting] documents and the testimony offered by both witnesses, whether or not specifically stated in the analysis which follows." In light of the numerous inconsistencies in Dong's testimony and his inconsistent explanations for those inconsistencies, the failure to specifically address the hospital record and bail receipt does not suggest that the IJ failed to take them into account. They are of limited probative value and do not change the fact that Dong was otherwise

3

inconsistent in his testimony. The hospital record corroborates Dong's testimony that he was hospitalized for injuries sustained as a result of being "beaten" two days before he was admitted. It does not specify who beat Dong. The bail receipt corroborates Dong's testimony that he was released on bail the same day he was hospitalized. It does not specify why Dong was detained. On this record, we cannot conclude that it was error not to address these documents specifically.

2. Having failed to testify credibly, Dong failed to establish that he qualified for the requested relief. Contrary to Dong's assertions, the IJ did not "expressly limit" his adverse credibility finding to testimony regarding past persecution. Dong mistakenly equates an adverse credibility finding *arising out of* testimony about past persecution with an adverse credibility finding *only as to* testimony about past persecution. Because the IJ and the BIA found that Dong's testimony failed to establish his claims for asylum and withholding of removal generally, remand is unnecessary.

**DENIED.**